UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Respondent,<br><br>v.<br><br>MIGUEL MADRIGAL-SANCHES,<br><br>        Defendant-Petitioner. | CR 03-485-RE<br>CV 07-70011<br><br>OPINION AND ORDER |

REDDEN, Judge:

      Before the court is defendant Miguel Madrigal-Sanches' second motion (doc. 164) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, defendant's motion is DISMISSED for lack of jurisdiction.

      Section 2255 establishes a stringent set of procedures that a prisoner must follow if he wishes to file a "second or successive" motion to vacate, set aside, or correct a sentence. See 28 U.S.C. § 2255; Burton v. Stewart, 127 S.Ct. 793, 796 (2007). A disposition on the merits of a

PAGE 1 - OPINION AND ORDER

previous section 2255 motion renders a subsequent application "second or successive." <u>Gretzler v. Stewart</u>, 146 F.3d 675, 675-76 (9th Cir. 1998). On January 18, 2006, I denied defendant's first section 2255 motion on the merits. Therefore, defendant's present motion is a "second or successive" application for relief.

Before filing a second or successive motion under section 2255, a defendant "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); <u>see</u> also 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). The court of appeals may authorize a second or successive section 2255 motion only if it presents a claim not previously raised, and contains either "newly discovered evidence" that establishes the defendant's innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255; <u>Burton</u>, 127 S. Ct. at 796; <u>Tyler v. Cain</u>, 533 U.S. 656, 661-62 (2001). Section 2255 imposes a jurisdictional limitation on a district court's ability to consider any second or successive 2255 motion absent proper certification from the court of appeals. <u>United States v. Key</u>, 205 F.3d 773, 774-75 (5th Cir. 2000). In other words, a district court must dismiss a second or successive 2255 motion for lack of jurisdiction unless the defendant obtains certification from the appropriate court of appeals. <u>Burton</u>, 127 S. Ct. at 799; <u>Torres v. Senkowski</u>, 316 F.3d 147, 151-52 (2d Cir. 2003); <u>Nunez v. United States</u>, 96 F.3d 990, 992 (7th Cir. 1996).

Here, defendant neither sought, nor received authorization from the Ninth Circuit Court of Appeals before filing his second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Furthermore, defendant provides no grounds for this court to conclude that

PAGE 2 - OPINION AND ORDER

the Ninth Circuit Court of Appeals would certify his second petition. In other words, defendant fails to identify any newly discovered evidence, or a new, previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Therefore, this court has no authority to consider defendant's present 2255 motion, and it must be dismissed.

Even if the court were to consider the merits of defendant's second motion, the outcome would be the same as the first because the two motions are virtually identical. In his second section 2255 motion, defendant argues that his trial counsel was constitutionally ineffective in the same manner he alleged in the first motion. Defendant also reasserts his argument that the court's calculation of his base offense level without a jury determination violates <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Finally, defendant repeats his objection to the court's calculation of his criminal history under the federal guidelines. In my January 18, 2006 Opinion and Order denying defendant's first 2255 motion, I considered and rejected each of defendant's present claims, and defendant offers no basis for reconsidering those conclusions.

For the reasons discussed above, defendant's second motion (doc. 164) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 28 day of June, 2006.

_____
James A. Redden
United States District Judge

PAGE 3 - OPINION AND ORDER